# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

James Smith,

    Plaintiff,

v.

State of Ohio Rehabilitation
and Corrections, *et al.*,

    Defendants.

Case No. 2:15-cv-1272

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

On June 29, 2017, Magistrate Judge Deavers, to whom this case was referred, issued a Report and Recommendation ("R&R") recommending that the Court grant Officer Herren's ("Defendant") motion for summary judgment, ECF No. 29, and deny James Smith's ("Plaintiff") motion for summary judgment, ECF No. 34, in this prisoner civil rights case in which Plaintiff proceeds *pro se*. R&R, ECF No. 42.

## I. FACTS

Magistrate Judge Deavers set forth the pertinent facts in this case in the R&R, which are as follows.

According to Plaintiff's unverified Complaint, Defendant—unprovoked—verbally harassed Plaintiff after Plaintiff ate lunch at the Madison Correctional Institution's dining hall, threw Plaintiff to the ground, put his knee on Plaintiff's back, and choked Plaintiff, all in violation of Plaintiff's Eighth Amendment right to

be free from excessive force. The Complaint further alleges that the altercation left Plaintiff with back pain that prevents him from playing basketball, which Plaintiff states was his method of controlling his diabetes, and will result in Plaintiff having to take diabetes medication.

Defendant, however, filed a conduct report the day of the incident that tells a different story. The conduct report states that Defendant stopped Plaintiff for a pat-down search upon leaving the dining hall and that Plaintiff refused to answer whether "he had anything on him or in his pockets." Conduct Rpt., ECF No. 29-3, PAGEID # 176. Defendant told Plaintiff to "get on the wall" so Defendant could search him, but, during the search, Plaintiff "turned off the wall with a clenched fist." *Id.* At that point, Defendant put both hands on Plaintiff to guide him to the ground. *Id.* Plaintiff continued to resist and ignored orders to "cuff up," and two additional correctional officers eventually helped effectuate the cuffing of Plaintiff. *Id.*

Corrections Officer Weaver ("Officer Weaver"), who is not a party to this lawsuit, also filed an incident report concerning the altercation. Incident Report, ECF No. 29-2, PAGEID # 164. The incident report states that Officer Weaver heard Defendant give direct orders to Plaintiff to stop resisting. *Id.* Officer Weaver states that he then used both hands to cuff Plaintiff's left hand behind Plaintiff's back but that Plaintiff kept resisting the cuffing of his right hand, including ignoring Officer Weaver's direct orders to put his hands behind his back. *Id.* A third officer then helped secure Plaintiff's right hand, which Officer

Weaver cuffed. *Id.* The incident report also states that Plaintiff was then taken to the infirmary, where he was seen by a nurse. *Id.*

Also in the record is a Medical Exam Report that was completed by Nurse Curtiss. Med. Exam Rpt., ECF No. 29-2, PAGEID # 166. The Medical Exam Report is admittedly difficult to read but states that the nurse observed a small cut on Plaintiff's head and redness on his wrists. *Id.* The wound was cleaned with soap and water, and Plaintiff was released to segregation. *Id.* The Medical Exam Report does not note any injury to Plaintiff's neck or back.

The Rules Infraction Board found Plaintiff guilty of violating "Rule 20" based on the conduct described in Defendant's conduct report. RIB Disposition, ECF No. 29-3, PAGEID # 174. The Warden affirmed that decision on appeal. Warden's Decision, ECF No. 29-3, PAGEID # 177. Moreover, a Use of Force Committee issued a report on the incident, concluding that Plaintiff aggressively turned from the wall during the search, that Plaintiff's MRI did not reveal injuries consistent with being choked, and that the use of force was justified and not excessive. Use of Force Rpt., ECF No. 29-2, ECF No. 160.

## II.   STANDARD OF REVIEW

Magistrate Judge Deavers issued the R&R pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). Under Rule 72(b), the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The

Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

### III. ANALYSIS

Plaintiff submits eight objections, which the Court discusses out of turn.[1]

First, Plaintiff contends that Defendant's version of the facts is impossible because Defendant could not have grabbed Plaintiff from behind to subdue him if Plaintiff, as Defendant contended, had turned from the wall toward Defendant with a clenched fist. The remainder of this objection repeats Plaintiff's version of the facts but, like Plaintiff's response to Defendant's motion and Plaintiff's own motion for summary judgment, Plaintiff offers no evidentiary support with his objection.

Plaintiff's objection is not well taken. First, Defendant's conduct report did not say that he grabbed Plaintiff from behind. It stated that he "placed both hands and arms around inmate Smith guiding him to the ground." Conduct Rpt., ECF No. 29-3, PAGEID # 176. Nor did it state that Plaintiff turned *completely* around from facing the wall when Plaintiff turned with a clenched fist such that Plaintiff was directly facing Defendant at the time Defendant took Plaintiff to the

---

[1] Plaintiff's objections are taken from ECF No. 43. In ECF No. 44, Plaintiff contended that he did not receive the R&R (even though ECF No. 43 offers detailed objections to the R&R). Accordingly, the Court granted Plaintiff an extension of time until August 8, 2017, to file additional objections. ECF No. 45. Plaintiff thereafter filed on August 24, 2017, a response in opposition, ECF No. 49, which he refers to as a supplement to his objections and which he dates August 22, 2017. Any supplement mailed from the prison on August 22, 2017, is untimely and will not be addressed by the Court. Additionally, the Court has reviewed the supplement, and it does not change the Court's analysis.

ground. *See id.* In sum, despite Plaintiff's argument, it is not "impossible" for the facts to have occurred as described in Defendant's conduct report, and this objection is therefore overruled.

The Court turns now to Plaintiff's third and seventh objections. In the third objection, Plaintiff contends that x-rays from 2015 confirm the injury to his back and that witnesses would support his version of the facts.[2] Plaintiff, however, has never presented any x-ray evidence (or other medical evidence) to the Court and has likewise never submitted any declarations or affidavits from any witnesses—not even himself. As such, Plaintiff's objection that summary judgment should not be granted to Defendant because x-ray and witness evidence supports Plaintiff's case is overruled.

To the extent Plaintiff argues in his third objection that he created a genuine dispute of material fact by submitting evidence of prior instances of aggression by Defendant, the objection is still overruled. Plaintiff's motion for summary judgment is based on the argument that Defendant has a pattern of being aggressive. Specifically, Plaintiff's brief recounts two incidents predating the incident outside of the dining hall that involved Defendant being aggressive with other correctional officers. Plaintiff offers into evidence unauthenticated Notices of Disciplinary Action regarding those incidents. The evidence and

---

[2] Plaintiff's seventh objection contends that the R&R inaccurately states that Plaintiff was waiting on x-rays to be taken. He argues that he is not waiting on any x-rays to be taken—the x-rays he refers to were taken in 2015. This seventh objection is overruled as moot. It makes no difference when the x-rays were taken as Plaintiff has not submitted them as evidence.

argument is not considered by the Court, however, because it is inadmissible under Federal Rule of Evidence 404(b). Plaintiff admittedly offers the argument and evidence in order to "show[] Defendant's behavior patteren [sic] and that he is aggressive." Mot. Summ. J. 3, ECF No. 34. Because Plaintiff offers the incidents to show that Defendant acted in accordance with his aggressive nature during the incident involving Plaintiff, it is inadmissible and cannot support his case.

Plaintiff's fifth objection takes issue with the fact that the R&R described one of the 404(b) prior incidents involving Defendant and another corrections officer as an "altercation." In his objection, Plaintiff describes the incident in detail.

Plaintiff's fifth objection is overruled. As evidence of the incident is inadmissible, it matters not whether the R&R's characterization of the incident as an "altercation" was accurate.

Plaintiff's sixth objection is based on the Medical Exam Report. Plaintiff does not object to the admissibility of the report but appears to disagree with the report. He argues that Nurse Curtiss ignored his protestations of back pain but offers no admissible evidence that he told her of any back pain, and the objection is overruled.

Plaintiff's fourth objection is directed at the R&R's characterization of Plaintiff's alleged injury. In the recitation of facts, the R&R states, "[i]n his unverified Complaint (ECF No. 1), Plaintiff alleges that as a result of the May 27,

2013 incident, he has back problems that prevent him from playing basketball." R&R 4, ECF No. 42. Plaintiff objects that the Complaint actually alleged that Plaintiff is diabetic and that being unable to play basketball as a form of exercise would prevent Plaintiff from being able to "keep his A1.C down." Obj. 4, ECF No. 43.

This objection is overruled as moot. The issue of whether Plaintiff was unable to play basketball for sport or for exercise as a method of treating his diabetes did not affect Magistrate Judge Deavers's analysis on the merits of Plaintiff's excessive force claim.

Plaintiff's second objection relates to whether he properly exhausted his administrative remedies. The Court overrules this objection as moot because Plaintiff's failure to exhaust his administrative remedies was recommended in the R&R an alternative ground for granting summary judgment. Because Plaintiff's remaining objections fail, the Court adopts the R&R's conclusion as to the merits of Plaintiff's § 1983 claim, and it is unnecessary to consider his exhaustion of remedies.

Finally, Plaintiff offers a general objection to the R&R's recommendation that the Court grant summary judgment to Defendant. The only argument offered in support of this generic objection is "Plaintiff have proved [sic] this Honorable court with Evidence [sic] upon which a reasonable jury could return a verdict in favor of Plaintiff." Obj. 5, ECF No. 43. Because Plaintiff has not offered any admissible evidence from which a reasonable juror could find that Defendant

stuck his knee in Plaintiff's back and choked him, the Court overrules this objection as well.

## IV. CONCLUSION

The Court has reviewed *de novo* those portions of the R&R that were properly objected to and has overruled all of Plaintiff's objections. As Plaintiff offered no objection of the R&R's excessive force analysis, the Court **ADOPTS** the same without further review and **GRANTS** summary judgment to Defendant. The Clerk shall terminate ECF Nos. 29 and 34, enter judgment for Defendant, and terminate the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**